UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor P.,

            Petitioner,

v.

Kristi Noem, *et al.*,

            Respondents.

Civil No. 26-cv-430 (MJD/SGE)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner Victor P.'s [1] Verified Petition for Habeas Corpus ("Petition"). (Dkt. 1.) Victor maintains that his detention violates the Immigration and Nationality Act, his Fifth Amendment rights to due process, and the Administrative Procedures Act. He requests a bond hearing consistent with 8 U.S.C. § 1226 and release from federal custody. (Dkt. 1.) Respondents oppose the Petition. (Dkt. 7.) The matter has been referred to the undersigned by United States District Judge Michael J. Davis for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. For the reasons set forth below, this Court recommends that the Petition be **GRANTED**.

## BACKGROUND

Victor is a citizen of El Salvador who entered the United States without inspection in January 2021. (Dkt. ¶¶ 9.b, 22.) He has been in the United States for approximately 5

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies Petitioner only by his first name and last initial.

years. On December 22, 2025, Immigration and Customs Enforcement ("ICE") officers arrested Victor. (*Id.* ¶ 22.) He is presently held at the Freeborn County Jail in Albert Lea, Minnesota. (*Id.* ¶ 15.)

The Court, United States District Judge Michael J. Davis, issued an Order to Show Cause on January 19, 2026, requiring Respondents to file an answer to the issues raised in the Petition and enjoining Respondents from removing Victor from the District of Minnesota until a final decision is made in his Petition. (Dkt. 4.) Victor filed a status update on January 21, 2026. (Dkt. 6.) Attached to his update is an Immigration Judge's order denying his release, stating that Victor "is properly categorized as an applicant for admission" and, therefore, the Immigration Court did not have authority to release him. (Dkt. 6-1 at 1.) Respondents filed a response to the Petition, arguing that Victor's detention is appropriate under § 1225, that he is ineligible for release or bond under § 1226. (Dkt. 7.)[2] Victor filed a reply on January 23, 2026. (Dkt. 8.) Ultimately, Victor asks that he be immediately released. (Dkt. 1.)

## ANALYSIS

Two statutes govern the detention of noncitizens pending removal proceedings—8 U.S.C. §§ 1225 and 1226. In recent months, Respondents, have taken the position that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) applies to noncitizens, already in the United States, that entered without inspection. Respondents argue that in these

---

[2] Respondents do not challenge this Court's jurisdiction. Had Respondents done so, the Court would have recommended that the district court judge find jurisdiction based on Judge Provinzino's persuasive analysis in *Fuentes v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *1 (D. Minn. Dec. 9, 2025).

circumstances, noncitizens are not entitled to a bond hearing under 8 U.S.C. § 1226(a) as a matter of statutory interpretation. Victor argues that he is not subject to mandatory detention under § 1225(b)(2) and is instead subject to the discretionary framework of § 1226(a), which requires that he receive a bond hearing. In sum, the parties' disagreement amounts to one of statutory interpretation: whether 8 U.S.C. § 1225(b)(2) or § 1226(a) applies to noncitizens already residing in the United States.

Respondents concede that Victor's claim is similar to the numerous other immigration cases in this District[3] where noncitizens, found in Minnesota and detained by ICE, seek bond hearings pursuant to 8 U.S.C. § 1226(a), and in which the majority of district judges in this district have ruled against Respondents' new interpretation of 8 U.S.C. § 1225(b)(2). *See E.M. v. Noem*, No. 25-cv-3975 (SRN/DTS), 2025 WL 3157839 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787 (D. Minn. Nov. 25, 2025); *Jose J.O.E. v. Bondi*, No. 25-cv-3051 (ECT/DJF), 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025); *Belsai D.S. v. Bondi*, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729 (D. Minn. Oct. 8, 2025); *Francisco T. v. Bondi*, No. 25-cv-3219 (JMB/DTS), 2025 WL 2629839 (D. Minn. Aug. 29, 2025); *Roberto M. v. Olson*, No. 25-cv-4456 (LMP/ECW), ECF No. 15 (D. Minn. Dec. 9, 2025*); Iishaar-Abdi v. Klang*, No. 25-cv-4686 (JRT/DTS), 2025 WL 3764853, at *1 (D. Minn. Dec. 30,

---

[3] *See* Dkt. 7 ("This Petition raises legal and factual issues similar to those confronted (and decided) by this District Court in prior habeas petitions.").

2025); *but see Abdirhamaan G. v. Noem et al.*, 26-cv-34 (PAM/SGE), Dkt. 7 (adopting Respondents' interpretation of the statute). Indeed, Judge Davis has also concluded that § 1226(a) governs the detention of noncitizens who are already present or residing in the United States, such as Victor—not § 1225(b), which governs the detention of noncitizens seeking admission into the United States. *See Awaale v. Noem*, No. 25-cv-4551 (MJD/JFD), 2025 WL 3754012, at *1 (D. Minn. Dec. 29, 2025); *Mohamed A. v. Bondi et al.*, 25-cv-4515 (MJD/ECW), Dkt. 17.

Beyond Minnesota, district courts across the nation and the Seventh Circuit Court of Appeals, have addressed this exact question and agreed that § 1226(a), not § 1225(b), governs detention of noncitizens already present in the United States. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Demirel v. Fed. Detention Ctr.*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (collecting cases); *Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *6–7 (E.D. Mich. Sept. 9, 2024) (collecting cases).

Respondents do not assert that Victor has any criminal history, nor do they contest that Victor was arrested[4] by ICE while already residing in the United States for years. Nor do Respondents offer any argument that a different exception would subject Victor to mandatory detention under § 1226(c) or that his case is in any way distinguishable from the many other cases in this District. Respondents merely maintain the same argument that detention is mandatory under 8 U.S.C. § 1225(b), which as discussed above, has been

---

[4] It is unclear whether Respondents had a warrant for Victor's arrest. Victor does not argue that his arrest was warrantless. (*See* Dkt. 1.)

repeatedly rejected. *See Fuentes*, 2025 WL 3524455, at * 1 ("The Government has now been told nearly 300 times (and counting) that its mandatory-detention scheme is unlawful. Yet as this case illustrates, the Government has not taken "no" for an answer.") (citing *Demirel*, 2025 WL 3218243, at *4). The undersigned finds no reason to depart from the well-reasoned judicial consensus in this district and across the country.[5] Accordingly, the undersigned recommends that Victor's Petition be **GRANTED**.

## RECOMMENDATION

Based on all the files, records, and proceedings herein, this Court hereby **RECOMMENDS** that the Petition (Dkt. 1) be **GRANTED**, and that Victor P. be afforded a bond hearing at the earliest opportunity, in the District of Minnesota, where witnesses and evidence are likely to be found.

Dated:  January 25, 2026

                                       *s/Shannon G. Elkins*
                                       SHANNON G. ELKINS
                                       United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under the circumstances of this case and Local Rule 72.2(b)(1), the parties may file and serve specific written objections to a magistrate judge's proposed findings and recommendations **within 2 days** of the filing of the Report and Recommendation without regard to weekends or holidays. A party may respond to those objections **within 2 days** after being served a copy of the objections without regard to weekends or holidays. *See*

---

[5] Because this Court determines that Victor is entitled to a bond hearing under § 1226, it need not address his claims that he is entitled to relief as a member of the *Maldonado Bautista* class.

Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).